UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY KEHLER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:11CV1416 FRB |
| ) | |
| DR. DIANE HOOD, et al., ) | |
| ) | |
| Defendants/ ) | |
| Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| NOVARTIS VACCINES AND DIAGNOSTIC, ) | |
| INC., ) | |
| ) | |
| Third Party Defendant. ) | |

## MEMORANDUM AND ORDER

This cause is before the Court on third party defendant Novartis Vaccines and Diagnostic, Inc.'s Motion to Dismiss (Doc. #12); defendants Dr. Diane Hood and Internal Medicine of St. Luke's, LLC's Motion for Judgment on the Pleadings (Doc. #22); and plaintiffs Larry and Ann Kehler's Motion to Remand (Doc. #17). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Larry Kehler and his wife, Ann Kehler, originally brought this action in the Circuit Court of St. Louis County, Missouri, alleging that defendant Dr. Diane Hood and her employer, Internal Medicine of St. Luke's, LLC (St. Luke's), were negligent in their failure to obtain Mr. Kehler's informed consent prior to the administration of the H1N1 vaccination and in their

failure to obtain a consult from a specialist prior to the administration of the vaccination. Plaintiffs allege that, in the circumstances of this case, such failure(s) resulted in a severe case of transverse myelitis to Mr. Kehler upon the administration of the vaccination, and in Mrs. Kehler's loss of consortium. Defendants Dr. Hood and St. Luke's thereafter brought third party product liability/failure to warn claims against Novartis Vaccines and Diagnostic, Inc. (Novartis),[1] the alleged manufacturer of the H1N1 vaccine, seeking indemnification and/or contribution if plaintiffs were to prevail on their claims. Novartis removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1), the federal officer removal statute, averring that its manufacture of the H1N1 vaccine was pursuant to the directive of and under contract with the United States government in order to prevent an influenza pandemic in the United States.

Novartis now seeks to dismiss Dr. Hood and St. Luke's third party action, as well as plaintiffs' original claims, arguing that such action(s) are barred by the Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C. § 247d-6d. Defendants Dr. Hood and St. Luke's likewise invoke the PREP Act and seek to dismiss plaintiffs' claims as raised against them. In response, plaintiffs concede that any claims against Novartis are

---

[1]The Third Party Petition also named Novartis Pharmaceuticals Corp. and Novartis Consumer Health, Inc., as third party defendants. These separately named parties were dismissed without prejudice prior to removal of the cause to this Court.

barred under the PREP Act and argue that, in the absence of viable claims against third party defendant Novartis, there exists no independent federal jurisdiction by which this Court may determine plaintiffs' State law claims against defendants Dr. Hood and St. Luke's. Plaintiffs therefore argue that, in the event Novartis no longer remains a party to this action, plaintiffs' original claims against Dr. Hood and St. Luke's should be remanded to State court for further proceedings.

## I. Background

In their First Amended Petition filed in State court, plaintiffs allege that on or about October 1, 2009, plaintiff Larry Kehler's primary care physician, Dr. Diane Hood, administered, or caused to be administered, an influenza virus vaccine[2] to Mr. Kehler. Plaintiffs claim that within two weeks of such administration, Mr. Kehler experienced symptoms of lower extremity paresthesia which was subsequently diagnosed as suggestive of acute myelitis. Plaintiffs claim that such diagnosis was made pursuant to an MRI performed at Dr. Hood's direction on November 3, 2009.

Plaintiffs allege that on or about January 14, 2010, Dr. Hood administered, or caused to be administered, the H1N1 influenza vaccine to Mr. Kehler. Plaintiffs claim that prior to the administration of the vaccine, they questioned the propriety of proceeding with the vaccination given the myelitis contracted by

---

[2]The vaccine is described as "split virus 3 years +IM." (First Amd. Petn., Doc. #3 at p. 2.)

Mr. Kehler subsequent to the October 2009 vaccination. Plaintiffs allege that Dr. Hood assured them that there would be no increased risk of aggravating Mr. Kehler's myelitis condition. Plaintiffs claim that they agreed to the administration of the H1N1 vaccine based upon Dr. Hood's assurances. Plaintiffs claim that within two weeks of the administration of the H1N1 vaccine, Mr. Kehler experienced a more severe case of transverse myelitis and that he has incurred injuries, damages and expenses on account thereof.

In this cause of action, plaintiffs claim that given plaintiff Larry Kehler's diagnosis of myelitis subsequent to the October 2009 vaccination, Dr. Hood knew or should have known that administration of the H1N1 vaccination in January 2010 dramatically increased the risk of aggravating Mr. Kehler's myelitis condition; that despite such knowledge, Dr. Hood failed to communicate the increased risk to Mr. Kehler and thus failed to obtain Mr. Kehler's informed consent for the H1N1 vaccination, and that Mr. Kehler would not have consented to the administration of the vaccination if he had been so informed of the increased risk; and that Dr. Hood failed to obtain a consult from a specialist knowledgeable in transverse myelitis prior to the administration of the H1N1 vaccination, and that such specialist would have recommended against the vaccination. Plaintiffs claim that the failure of Dr. Hood to obtain Mr. Kehler's informed consent and to obtain a specialist consult prior to the administration of the H1N1 vaccination constituted medical negligence and resulted in injury

to plaintiffs, including Mrs. Kehler's loss of consortium.[3]

In their Third Party Petition, defendants Dr. Hood and St. Luke's allege that Novartis designed, manufactured, marketed, and sold the H1N1 vaccine and that, when sold, the H1N1 vaccine was in a defective condition. Dr. Hood and St. Luke's bring product liability and failure to warn claims against Novartis for the alleged defective condition and inherent danger of the vaccine. Defendants Dr. Hood and St. Luke's aver that they are entitled to indemnity and/or contribution from Novartis if plaintiffs were to prevail on their claims of negligence against them.

**II.  Discussion**

A.  Third Party Claims Against Novartis

Section 247d-6d of Title 42 provides liability protections for pandemic and epidemic products and security countermeasures. Specifically, the statute provides that manufacturers and administrators of such products and/or countermeasures are "immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure[.]" 42 U.S.C. § 247d-6d(a)(1). The sole exception to immunity from suit and liability "shall be for . . . death or serious physical injury

---

[3]Plaintiffs' claims are directed to only that conduct which is alleged to have occurred prior to the administration of the H1N1 vaccine in January 2010, and do not allege wrongful conduct or seek relief in relation to the administration of the split virus 3 years +IM vaccine in October 2009.

- 5 -

proximately caused by willful misconduct," 42 U.S.C. § 247d-6d(d)(1); with such actions to be brought and maintained only by persons who suffer such injury, or their representative, in the United States District Court for the District of Columbia, 42 U.S.C. § 247d-6d(e)(1). In June 2009, the Secretary of Health and Human Services identified the H1N1 virus as a public health emergency and made the 2009 H1N1 vaccine a covered countermeasure under the PREP Act. (Novartis Memo., Doc. #13, Exh. B.)

The parties do not dispute that third party defendant Novartis, the alleged manufacturer of the H1N1 vaccine at issue here, is protected by the PREP Act and is absolutely immune from liability for any type of loss caused by the vaccine. Further, no injured party here has alleged that Novartis engaged in willful misconduct so as to bring its claim within the statute's only recognized exception to immunity. As such, the Third Party Petition against Novartis fails to state a claim upon which relief may be granted. Regardless, given that the District Court for the District of Columbia has exclusive jurisdiction over any such claim, this Court lacks subject matter jurisdiction over the third party claims brought by Dr. Hood and St. Luke's against Novartis.

Accordingly, the Third Party Petition brought by defendants Dr. Hood and St. Luke's against Novartis seeking indemnity and/or contribution on account of the H1N1 vaccine's alleged defective condition and/or inherent danger shall be dismissed for lack of jurisdiction.

B.  <u>Plaintiffs' Claims Against Defendants Dr. Hood and St. Luke's</u>

As noted above, Novartis removed the matter to this Court from the Circuit Court of St. Louis County invoking federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).[4] In the absence of an independent basis for federal jurisdiction, the dismissal of Novartis and all claims against it destroys this Court's subject matter jurisdiction over the remainder of this case. In any case removed from a State court, "the case shall be remanded" "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447(c).

Defendants Dr. Hood and St. Luke's argue that federal jurisdiction continues in this cause inasmuch as plaintiffs' claims against Dr. Hood and St. Luke's are likewise barred by the PREP Act. Defendants argue that because the nature of plaintiffs' claims implicate this federal statute, federal question jurisdiction exists and thus provides an independent jurisdictional basis upon which this Court may proceed with the case. Defendants' argument is misplaced.

Federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. Whether federal question jurisdiction exists is determined by the "well-pleaded complaint

---

[4]To the extent plaintiffs argue in their Motion to Remand that § 1442(a)(1) was improperly invoked in the circumstances of this cause, the undersigned has reviewed the materials and information before the Court on this issue and finds plaintiffs' argument to be without merit.

- 7 -

rule" which "provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction." Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000). The absence of federal jurisdiction requires a removed case to be remanded to State court. 28 U.S.C. § 1447(c). In the Eighth Circuit, "all doubts about federal jurisdiction [must be resolved] in favor of remand." Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

The assertion of a federal defense, including the defense that claims are preempted by federal law, does not give rise to federal question jurisdiction.[5] Instead, the right created by federal law must be an essential element of the plaintiffs' cause of action. The centrality of the federal claim must appear on the face of the complaint, unaided by the answer or a petition for removal. Franchise Tax Bd. of the State of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1 (1983); First Nat'l Bank of Aberdeen v. Aberdeen Nat'l Bank, 627 F.2d 843, 849-50 (8th Cir. 1980); see also Holiday v. Travelers Ins. Co., 666 F. Supp. 1286, 1288 (W.D. Ark. 1987) (and cases cited therein). "[I]t is well settled that the federal question upon which [a party] relies for original federal jurisdiction, or . . . for removal jurisdiction, must not have entered the case by way of defense."

---

[5] The doctrine of *complete* preemption, a narrow exception to this rule, is not implicated here. Cf. Connolly v. Union Pacific R.R. Co., 453 F. Supp. 2d 1104, 1108 (E.D. Mo. 2006).

First Nat'l Bank of Aberdeen, 627 F.2d at 850.

A review of plaintiffs' claims here shows none of them to arise under federal law. Plaintiffs raise State law claims of medical negligence based on the conduct of defendants Dr. Hood and St. Luke's which occurred prior to the administration of the H1N1 vaccine. The First Amended Petition does not show a federal right to be an essential element of plaintiffs' claims of negligence. Nor does the petition appear to be deficient on its face; it appears to set forth well-pleaded State claims of medical negligence and loss of consortium. The issue as to whether the PREP Act precludes such an action against these defendants has entered the case only by way of defendants Dr. Hood and St. Luke's defense to the claims. The assertion of such a federal defense, however, does not give rise to federal question jurisdiction.

### III. Conclusion

This case was properly removed to this Court by third party defendant Novartis on the basis of federal officer jurisdiction under 28 U.S.C. § 1442(a)(1). For the reasons set out above, this Court lacks jurisdiction over the Third Party Petition brought against Novartis seeking indemnity and/or contribution, and the Third Party Petition shall be dismissed. Without the presence of Novartis, there appears to be no other basis upon which this Court may exercise subject matter jurisdiction over this removed case. Accordingly, the matter shall be remanded to State court. 28 U.S.C. § 1447(c). To the extent third party defendant Novartis

requests that the Court nevertheless determine the federal defense as it applies to plaintiffs' claims against defendants Dr. Hood and St. Luke's in order "to save valuable judicial resources" (Novartis Memo., Doc. #20, pp. 7-8), the undersigned is mindful that "[i]n every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006); see also Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 811 (8th Cir. 2003) (federal court has no power to decide merits of case over which it has no jurisdiction). Because the Court does not have jurisdiction to determine the merits of plaintiffs' claims against defendants Dr. Hood and St. Luke's, third party defendant Novartis' request for this Court to make such a determination is denied.

Accordingly,

**IT IS HEREBY ORDERED** that third party defendant Novartis Vaccines and Diagnostic, Inc.'s Motion to Dismiss (Doc. #12) is granted to the extent it seeks to dismiss defendants/third party plaintiffs Dr. Diane Hood and Internal Medicine of St. Luke's, LLC's Third Party Petition for lack of jurisdiction. In all other respects, the motion is denied.

**IT IS FURTHER ORDERED** that plaintiffs Larry and Ann Kehler's Motion to Remand (Doc. #17) is granted to the extent plaintiffs seek to remand this cause of action to the Circuit Court

of St. Louis County, Missouri, for this Court's lack of subject matter jurisdiction. To the extent plaintiffs seek to recover their costs and expenses associated with the removal of this cause, the motion is denied.

**IT IS FURTHER ORDERED** that defendants Dr. Diane Hood and Internal Medicine of St. Luke's, LLC's Motion for Judgment on the Pleadings (Doc. #22) is denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiffs Larry and Ann Kehler's First Amended Petition against defendants Dr. Diane Hood and Internal Medicine of St. Luke's, LLC, is hereby remanded to the Circuit Court of St. Louis County, Missouri, for all further proceedings.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this _30th_ day of May, 2012.